J-S29042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              : PENNSYLVANIA
                                              :
                        v.                         :
                                              :
                                              :
THOMAS GUILFORD                     :
                                              :
                     Appellant            : No. 3252 EDA 2017

Appeal from the Judgment of Sentence August 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000322-2015

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.:           **FILED JUNE 04, 2018**

Appellant Thomas Guilford appeals from the judgment of sentence entered by the trial court upon remand from this Court for resentencing.  After careful review, we affirm.

On December 9, 2015, the trial court convicted Appellant of Persons not to possess a firearm, Firearms not to be carried without a license, and Carrying a firearm in public in Philadelphia.[1]  On April 22, 2016, the trial court sentenced Appellant to five to ten years' imprisonment for illegally possessing a firearm, along with a consecutive five years' probation for carrying a firearm without a license and a concurrent five years' probation for illegally carrying a firearm in Philadelphia.

---

[1] 18 Pa.C.S.A. §§ 6105, 6106, and 6108, respectfully.

---

\*   Former Justice specially assigned to the Superior Court.

On April 29, 2016, Appellant filed a motion for reconsideration of his sentence, in which he claimed, *inter alia*, that his sentence was excessive. While this motion was pending, Appellant filed a notice of appeal. On May 31, 2016, the trial court denied Appellant's motion for reconsideration. Thereafter, Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In Appellant's Rule 1925(b) statement, Appellant again indicated that he felt his sentence was excessive.

However, as Appellant did not raise his claim of the excessiveness of his sentence in his appellate brief, this Court did not address this specific issue on appeal. **See Commonwealth v. Guilford**, 1534 EDA 2016 (Pa.Super. May 9, 2017) (unpublished memorandum). Nevertheless, this Court vacated Appellant's judgment of sentence and remanded the case to the trial court for the limited purpose of issuing a sentencing order that reflected whether Appellant was entitled to credit for time served.

On August 25, 2017, the trial court imposed Appellant's original sentence and specifically indicated that Appellant was to be credited for any time served. On September 5, 2017, Appellant filed another motion for reconsideration of sentence, which the trial court subsequently denied. Appellant again filed a notice of appeal and raised a challenge to the excessiveness of his sentence in his Rule 1925(b) statement and in his appellate brief. The trial court found that Appellant had waived his challenge

to the trial court's sentencing discretion by failing to present and develop this issue in his first brief to this Court. Trial Court Opinion, 10/30/17, at 4-5.

After reviewing the record, we observe that Appellant failed to raise this specific argument relating to the excessiveness of his sentence on his initial direct appeal before this Court. Instead, Appellant chose to claim the trial court erred in rulings related to the denial of his suppression motion, the denial of his Rule 600 motion, and his claim of entitlement to credit for time served. As a result, this issue was waived. ***See Wirth v. Commonwealth***, 626 Pa. 124, 149-50, 95 A.3d 822, 837 (2014)) (holding "where an appellate brief fails to ... develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him") (citation omitted). Appellant is not entitled to a second round of appellate review on direct appeal of this waived claim.

For all of the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/18

- 3 -